1997–NMCA–023

935 P.2d 1171

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Sylvia LEYBA, Defendant–Appellee.**

No. 16,854.

Court of Appeals of New Mexico.

Feb. 17, 1997.

Thomas Udall, Attorney General, Anthony Tupler, Assistant Attorney General, Santa Fe, for Appellant.

T. Glenn Ellington, Chief Public Defender, Sue A. Hermann, Assistant Appellate Defender, Santa Fe, for Appellee.

## OPINION

ARMIJO, Judge.

1. The State appeals from the trial court's order granting Defendant's motion to suppress drug evidence seized from an automobile. The sole issue on appeal is whether Defendant had standing to challenge the search of the automobile. We affirm.

## I. FACTUAL BACKGROUND

2. In October 1993, the Santa Fe County Sheriff's Department received several tips that Defendant and two other individuals, Michael Lucero and Alex Trujillo, were selling heroin from a motel room in Santa Fe, New Mexico. In response to these tips, the Sheriff's Department conducted a surveillance operation at the motel which involved listening to conversations among Defendant, Lucero and Trujillo from an adjoining motel room. Based on the information obtained from this surveillance, the Sheriff's Department obtained a search warrant for the motel room occupied by the three individuals as well as a Buick Regal automobile (the Buick) parked outside the motel and owned by Lucero. The three individuals were at the motel when the search warrant was executed. They were each arrested and jointly charged with trafficking in heroin, possession of three other controlled substances and drug paraphernalia, and conspiracy.

3. In response to separate motions filed by Defendant, Lucero and Trujillo, the trial

161

court suppressed the evidence seized from the motel room on the grounds that the officers who executed the search violated the "knock and announce" rule. The State does not challenge the trial court's rulings regarding the evidence seized from the motel room in this appeal. Based on the remaining evidence seized from the Buick, Lucero was tried and acquitted of all charges in April 1995.

4. After Lucero's trial, Defendant filed a motion to suppress the evidence seized from the Buick on the grounds that the State lacked probable cause to justify the search of the car. The State responded by asserting that Defendant lacked standing to challenge the search of the Buick because she did not own the car and was not an occupant at the time of the search. At the hearing on this motion, Defendant introduced the police affidavit used to obtain the search warrant as evidence that Defendant had used the Buick with the owner's permission and had exerted control over its contents. The affidavit states that the Buick "is being used by Michael Lucero and [Defendant]," and that the affiant heard a conversation in which Defendant "told Michael [Lucero] not to mess with that stuff, I am going to have to weight [sic] out all that stuff all over again." One of the items of drug paraphernalia found in the Buick was a gram scale. The State offered no evidence at the hearing on the motion to suppress, but simply relied on its written assertion that Defendant lacked standing because she neither owned nor occupied the Buick at the time of the search.

5. Noting that neither ownership nor occupancy were dispositive, the trial court found that Defendant had standing to challenge the search of the Buick and granted her motion to suppress the evidence seized from the car. The State now appeals the trial court's ruling that Defendant had standing to challenge the search of the Buick.

## II. DISCUSSION

### Preservation of Error

6. The State cannot raise the issue of Defendant's standing for the first time on appeal because standing is a fact-based issue on which Defendant must be given the opportunity to present evidence to the trial court. *State v. Porras–Fuerte,* 119 N.M. 180, 183, 889 P.2d 215, 218 (Ct.App.1994). More generally, a claim of error must be timely and specific enough to inform the trial court of the nature of the claimed error and to invoke an intelligent ruling on the issue. *See State v. Lucero,* 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App.1986).

7. Defendant asserts that the State has failed to preserve the issue of Defendant's standing in the case at bar. We disagree. Although the State chose to rely on its written opposition at the hearing on Defendant's motion to suppress, the written opposition itself was timely filed and specifically raised the argument that Defendant lacked standing because she did not own or occupy the Buick at the time of the search. We hold that the State's reliance on the timely and specific arguments made in its written opposition was sufficient to preserve the claimed error regarding Defendant's standing.

### Standard of Review

8. We review the trial court's ruling on Defendant's motion to suppress to determine " 'whether the law was correctly applied to the facts, viewing them in the manner most favorable to the prevailing party.' " *State v. Wright,* 119 N.M. 559, 562, 893 P.2d 455, 458 (Ct.App.1995) (quoting *State v. Esguerra,* 113 N.M. 310, 313, 825 P.2d 243, 246 (Ct.App.1991)). While we afford de novo review of the trial court's legal conclusions, we will not disturb the trial court's factual findings if they are supported by substantial evidence. *State v. Munoz,* 111 N.M. 118, 120, 802 P.2d 23, 25 (Ct.App.1990).

### Reasonable Expectation of Privacy

9. We begin our analysis by reaffirming that Defendant's standing to challenge a search as violative of the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution hinges on whether she had a reasonable expectation of privacy in the place entered. *Wright,* 119 N.M. at 563, 893 P.2d at 459. Hence, to establish standing in the case at bar, Defendant must dem-

onstrate that she had an actual, subjective expectation of privacy that society is prepared to recognize as reasonable. *Id.*

*Evidence of Defendant's Expectation of Privacy*

■ 10. We determine whether Defendant had a legitimate expectation of privacy "by an examination of all the record surrounding [the] arrest[,] search and seizure." *State v. Martinez,* 94 N.M. 436, 439, 612 P.2d 228, 231 (1980). This examination is not limited to the record of the suppression hearing itself because our New Mexico Supreme Court regards such a limited review as "a two-edged sword that in one case may improperly cut the defendant, and in another case the prosecution[,]" resulting in vindication of appellate rules "at the cost of protection under the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* The rationale of not limiting our review compels this Court to include evidence other than that introduced at the suppression hearing. We also look to evidence regarding the search of the Buick introduced at co-defendant Lucero's trial and in the hearings on each co-defendant's motion to suppress items seized from the motel room. All of this evidence is part of the record before us.

■ 11. In conducting our review of the record, we note that Defendant's expectation of privacy may be "established by undisputed evidence before the trial court in the form of police records." *Esguerra,* 113 N.M. at 313, 825 P.2d at 246. "[I]t may be that 'the government's evidence' will show not only defendant's possession but possession under circumstances establishing a justified expectation of privacy, in which instance defendant's burden of proof will actually be satisfied by the prosecutor." 5 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.3(g), at 209 n. 378 (3d ed. 1996) (quoting *United States v. Singleton,* 987 F.2d 1444 (9th Cir.1993)). Such police records or "government evi-

dence" may include affidavits on which the State relied to support its application for a search warrant.

12. Without the opportunity to establish such an expectation through the use of police records, a defendant is left with few options besides testifying on her own behalf. Yet a defendant may be deterred from testifying on her own behalf at a suppression hearing because of the risk that the State will use this testimony to impeach her at trial.[1] We decline to restrict Defendant's use of police records to support her claim of standing in a way that forces Defendant to choose between her constitutional right to be free from unreasonable searches and her equally fundamental right to refrain from making self-incriminating statements.

13. Allowing Defendant to use police records to establish her standing does not conflict with the principle that a person's standing to challenge a search depends on her own actual expectation of privacy. While in the context of stolen vehicle cases, this principle may lead to the conclusion that a defendant's expectations are not determined "upon the basis of what the police believe or even necessarily upon the actual facts" regarding the ownership of the vehicle, 5 Wayne R. LaFave, *supra* § 11.3(e), at 182, the same conclusion does not follow in the case at bar. On the contrary, a police officer's observations regarding Defendant's own statements and conduct as a permissive user of the vehicle in question may be highly relevant to Defendant's task of showing that she had an actual expectation of privacy in this vehicle. *Cf. Wright,* 119 N.M. at 563, 893 P.2d at 459 (first inquiry is whether the person by his or her conduct has shown an actual expectation of privacy); 5 Wayne R. LaFave § 11.3(g), at 209 n. 378 (government's evidence may show defendant's expectation of privacy).

■ 14. The State claims that Defendant presented no evidence to show that she had an expectation of privacy in the Buick that was the subject of the search. We disagree. To support her claim of standing in this case,

---

1. This proposition is often cited in support of the doctrine of automatic standing. *See* 5 Wayne R. LaFave, *supra* § 11.3(g), at 210 n. 380. However, because we resolve the issue of Defendant's

standing based on the specific evidence she presented regarding her use of the Buick, we need not reach the question of whether New Mexico should adopt the automatic standing doctrine.

Defendant introduced evidence in the form of the affidavit by the police officer who observed Defendant's conduct and overheard her conversations prior to the search. This affidavit states that both Defendant and Lucero used the Buick. The affidavit also recounts a conversation in which Defendant told Lucero, the Buick's owner, that he should "not mess with that stuff" or else Defendant would have to reweigh it. The record also reflects that a gram scale was found in the Buick. Viewed in the light most favorable to the trial court's ruling, these facts support the inference that Defendant was a permissive user of the Buick who had an ongoing relationship with Lucero through which she exerted control over both the vehicle's owner and its contents. Viewing the evidence in the light most favorable to Defendant, we hold that there was substantial evidence to support the trial court's factual finding that Defendant had an actual expectation of privacy in the Buick.

*Reasonableness of Defendant's Expectation of Privacy*

■ 15. The second step in our analysis of Defendant's standing is to inquire whether Defendant's subjective expectation of privacy in the Buick is one that society recognizes as reasonable. *Wright*, 119 N.M. at 563, 893 P.2d at 459. The State asserts that Defendant's expectation of privacy in the Buick was not reasonable because she was not an owner or occupant of the vehicle at the time of the search. We disagree. Neither ownership nor occupancy of a vehicle are determinative of whether an individual has standing to challenge a search of that vehicle. *See generally* 5 Wayne R. LaFave, *supra* § 11.3(e), at 172–76 (occupants may or may not have standing); *id.* § 11.3(e), at 184–187 (owners may or may not have standing). In some circumstances, a person who neither owns nor occupies a vehicle at the time it is searched may nonetheless have standing to challenge that search. *See id.* § 11.3(e), at 190–194.

■ 16. Under the Fourth Amendment, a person may have standing to challenge the search of a place she does not own or occupy if she has the right to exclude others from the searched premises or has continuous access to the searched premises combined with a possessory interest in an item seized there. *See Rakas v. Illinois*, 439 U.S. 128, 149, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978) (construing *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), as holding that permissive user of apartment with right to exclude others had reasonable expectation of privacy in that apartment); *id.* at 142 n. 10, 99 S.Ct. at 429 n. 10 (construing *Mancusi v. DeForte*, 392 U.S. 364, 368, 88 S.Ct. 2120, 2123–24, 20 L.Ed.2d 1154 (1968), as holding that union official who shared office with other officials had reasonable expectation of privacy in that office); *id.* at 136, 99 S.Ct. at 426–27 (construing *United States v. Jeffers*, 342 U.S. 48, 49–50, 72 S.Ct. 93, 94–95, 96 L.Ed. 59 (1951), as holding that permissive user of relative's apartment with possessory interest in property seized there had reasonable expectation of privacy).

■ 17. Even a person who lacks the ability to regulate his access or to exclude others may have standing if he is a houseguest on the searched premises with the owner's permission and has a possessory interest in an item seized there. *See, e.g., Minnesota v. Olson*, 495 U.S. 91, 99, 110 S.Ct. 1684, 1689, 109 L.Ed.2d 85 (1990) (overnight guest in another's apartment had standing to challenge search resulting in the seizure of his person because an overnight guest "seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside"). Under Article II, Section 10 of the New Mexico Constitution, this type of standing has been extended to houseguests who do not stay overnight but who nonetheless are permitted by the owner or occupant of the property to use a private part of the residence. *Wright*, 119 N.M. at 563–64, 893 P.2d at 459–60.

18. In light of these authorities, we conclude that Defendant had a reasonable expec-

tation of privacy in the Buick under Article II, Section 10 of the New Mexico Constitution in virtue of her status as a permissive user who had an ongoing relationship with the vehicle's owner through which she exerted control over both the vehicle's owner and its contents. Because her expectation of privacy was both actual and reasonable, we hold that Defendant had standing to challenge the search of the Buick.

## III. CONCLUSION

19. We affirm the trial court's order granting Defendant's motion to suppress the evidence seized from the Buick.

20. **IT IS SO ORDERED.**

DONNELLY and APODACA, JJ., concur.