# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,303**

**KEVIN JORDAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from the district court's judgment in an on-record appeal from his convictions in metropolitan court after a bench trial of speeding and driving

while under the influence (DWI) (first offense). We issued a calendar notice proposing to summarily affirm Defendant's convictions. Defendant filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

**Reasonable Suspicion**

Defendant continues to argue that the initial traffic stop was not justified by reasonable suspicion. [DS 10; MIO 9-11] Defendant maintains that it was unreasonable for the trial court to conclude that Officer Heh could have paced Defendant, determined he was speeding, and signaled him to pull over in less than a half mile. [DS 3; MIO 10-11] We disagree.

Defendant raised this issue as a motion to suppress after Defendant had rested. [RP 72] "We review the district court's ruling on a motion to suppress to determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. We review findings of fact to determine if they are supported by substantial evidence and we review legal conclusions, such as the ultimate determination of whether an officer has reasonable suspicion, de novo. *See State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171. "An investigatory stop

2

is based on reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Taylor*, 1999-NMSC-022, ¶ 7, 126 N.M. 569, 973 P.2d 246 (citations and internal quotation marks omitted).

According to the docketing statement, Officer Heh testified that he was driving west on Menaul in the center lane near San Pedro just after midnight on October 14, 2006, when he noticed a silver Suzuki in front of him which appeared to be exceeding the thirty-five mile-per-hour speed limit. [DS 1] Officer Heh paced the vehicle to the east of San Mateo going at a speed of fifty miles per hour. [Id.] Officer Heh turned on his emergency equipment as they were approaching Valencia, two streets east of San Mateo. [Id. 1-3] The vehicle quickly pulled into a parking lot at a high rate of speed. [Id. 2] Officer Heh testified that the vehicle had to change lanes to turn into the parking lot and that he did not note any traffic violations during the turn. [Id. 2-3] Officer Heh was going too fast to make the turn and pulled into the entrance at Alvarado, the next intersection. [Id. 2] Officer Heh testified that he paced the vehicle for just under a half mile. [Id. 2-3]

Defendant testified that the distance from San Pedro to San Mateo is about 300 yards, not a half mile, and that it was about 100 yards from Valencia to Alvarado. [Id.

3

8] Defendant testified that he had been driving in the far right lane and that he saw a police vehicle parked at San Pedro, which then made a turn onto Menaul. [Id.] He testified that he traveled about 100 to 200 yards from the time he noticed the police vehicle to the time he saw the emergency lights. [Id.] Defendant testified that he obeys the traffic laws and tries to stay within five miles of the speed limit when he drives. [Id. 8-9]

Defendant does not challenge our understanding of the facts as set forth in the calendar notice. [MIO 1] However, Defendant continues to argue that the officer could not have paced Defendant and determined that he was speeding in such a short distance. [Id. 10-11]

We continue to agree with the district court's reasoning on this issue. Despite Defendant's argument that Officer Heh was not credible, the trial court was entitled to reject Defendant's version of events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to make credibility determinations and resolve any conflict in witness testimony). As we stated in the calendar notice, the trial court noted that Defendant's testimony was not specific in that Defendant did not say that the parked police vehicle was the one that stopped him. [RP 72] Defendant also did not testify about how fast he was going that night. [Id.] Further, the trial court stated that it takes thirty-six seconds to travel a half

4

mile. [Id.] Under the circumstances, we hold that it was for the trial court to determine the weight and sufficiency of the evidence including all reasonable inferences. We therefore affirm the trial court's determination that Officer Heh had reasonable suspicion to stop Defendant for speeding.

**Probable Cause**

Defendant continues to argue that the officer did not have probable cause to arrest him for DWI. [DS 10; MIO 11-14] We continue to disagree.

"A police officer has probable cause when facts and circumstances within the officer's knowledge, or about which the officer has reasonably trustworthy information, are sufficient to warrant an officer of reasonable caution to believe that an offense is being committed or has been committed." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446. Here, the officer "needed to have knowledge of facts sufficient to allow him, or an objectively reasonable officer in his position, to conclude that Defendant had been driving while he was 'to the slightest degree' unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner." *Id.* ¶ 7.

After pulling Defendant over for speeding, Officer Heh testified that Defendant had "fumble fingers" when he produced his driver's license. [DS 2-3] Officer Heh observed that Defendant had blood shot and watery eyes and his breath had a strong

smell of alcohol. [Id. 3] Defendant admitted to having two drinks. [Id.] Officer Heh called a DWI officer to take over the investigation. [Id.] Officer Isom arrived within a minute and Officer Heh informed him that he stopped Defendant for a traffic violation and observed clues that he had been drinking. [RP 75] Officer Isom asked Defendant to step out of the vehicle. [DS 4] Officer Isom detected a slight odor of alcohol, bloodshot and watery eyes, and slurred speech. [RP 75] Officer Isom asked Defendant if he had anything to drink and Defendant admitted to drinking four drinks within four hours. [DS 4] Defendant told the officer he had left knee surgery but agreed to perform field sobriety tests (FSTs). [RP 75] Officer Isom testified that Defendant failed the walk and turn test by losing his balance while being instructed, stepping offline twice, using his arms for balance, and failing to touch his heel to toe twice. [Id.] The officer also thought Defendant performed very poorly on the one leg stand by starting before the instructions were complete and dropping his foot once. [Id.] Defendant was able to perform the alphabet test and follow instructions on the horizontal gaze nystagmus test. [DS 5] After the FSTs, Officer Isom arrested Defendant for DWI. [Id.]

Defense counsel moved to suppress based on lack of probable cause to arrest Defendant for DWI. [Id.] On voir dire, Officer Isom testified that he independently remembered Defendant's slurred speech, even though he did not note it in his police

report. [Id.] Officer Isom testified that Defendant did not have any difficulty in exiting his vehicle and did not display unduly slow responses. [Id. 6] Officer Isom testified that he decided to have Defendant perform FSTs despite knowing about the knee surgery because he did not see any limping or restricted movement. [Id.]

Under the circumstances, we remain persuaded that the trial court did not err in denying Defendant's motion to suppress based on evidence of Defendant's speeding, dexterity problems in reaching for his license, bloodshot and watery eyes, odor of alcohol, performance on FSTs, and admissions of drinking alcohol. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the defendant's smell of alcohol, lack of balance at the vehicle, and his performance on FSTs constituted probable cause to arrest the defendant). We conclude that the totality of the evidence was sufficient "to give the officer the requisite objectively reasonable belief that Defendant had been driving while intoxicated." *See id.* Thus, we affirm the trial court's determination that the officer had probable cause to arrest Defendant for DWI.

**Mistrial**

Defendant continues to argue that the trial court erred in denying his motion for a mistrial. [DS 10; MIO 14-16] We disagree.

Officer Isom testified about the results of Defendant's breath alcohol test (BAT) scores before the State had shown that the Intoxilyzer 5000 measured grams of alcohol per 210 liters of breath. [DS 7] Defense counsel objected that the officer should not have given the results of the breath test without providing a proper foundation. [Id.] The trial court agreed, but stated that it would allow the State to cure the matter with additional questioning. [Id.] Defense counsel objected that allowing the State to do so would be prejudicial because the court had already heard the results of the test. [Id.] Defendant requested a mistrial. [Id.]

A ruling on a motion for a mistrial is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752. We are not persuaded that the trial court abused its discretion in allowing the State to ask additional foundational questions of the officer during its case in chief. Officer Isom was able to testify that the machine measured grams of alcohol per 210 liters of breath. [DS 8] The prosecutor had Officer Isom identify the breath card before it was tendered to the court. [Id.] We conclude that the trial court did not abuse its discretion in allowing the State to lay a proper foundation for admitting the BAT card.

We also continue to agree with the district court that the officer's recital of the BAT scores prior to evidence of what the BAT machine measured did not prejudice

Defendant so as to warrant a mistrial. [RP 78-81] Defendant argues that he was prejudiced because the trial court heard the results before it heard his motion to suppress based on reasonable suspicion. [DS 9; MIO 15-16] We reject this argument. "We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. As we observed in the calendar notice, the suppression motion at issue only concerned whether there was an articulable reason for stopping Defendant for speeding. We conclude that the trial court could separate the testimony about the BAT scores from the reasonable suspicion testimony.

Moreover, to the extent Defendant is contending that he was prejudiced by the BAT scores with respect to the DWI conviction, we stated above that the admission of the BAT scores was proper after the trial court allowed the State to lay the proper foundation. However, even if we assume that the admission of the scores was erroneous, there is no indication that the trial court relied on those scores in finding Defendant guilty of DWI. We hold that trial court did not abuse its discretion in denying the mistrial.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**