This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,373**

**NICK GUERRERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the denial of his motion to suppress. We proposed to affirm the district court's decision in a calendar notice, and Defendant has

responded with a memorandum in opposition. We have considered Defendant's arguments, but we find them unpersuasive. We therefore affirm.

On appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171. "We review the district court's ruling on a motion to suppress to determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785.

As discussed in our calendar notice, police were given information from an anonymous person that: (1) within a half hour, a person named Nick Guerrero (Defendant) is "suspected" to be meeting someone at the Tortilla Flats Bar off Highway 70 in order to sell cocaine; and (2) Defendant would be driving a maroon Chevrolet Trailblazer with chrome rims, and a New Mexico license plate. [RP 93; DS 1] Police set up surveillance at the Tortilla Flats Bar. About one hour after receiving the information, police observed a vehicle drive up and park in the lot of the bar. The vehicle matched the description given to the officers. Officers confirmed, through the license plate, that the vehicle was registered to Defendant, Nick Guerrero. Another vehicle drove into the parking lot and parked next to

Defendant's vehicle. The driver got out, approached Defendant's driver-side window, leaned into the window, and then got back into his own vehicle. Both vehicles then left the parking lot. Defendant was stopped by police. He consented to a search, and cocaine was discovered in Defendant's vehicle.

In the memorandum in opposition, Defendant argues that the anonymous informant was not shown to be reliable, and there were no specific facts given about the occurrence of criminal activity. Defendant also argues that police could not stop him for investigatory purposes because he had not committed any traffic offenses and officers had not observed Defendant exchange anything in the parking lot of the Tortilla Flats Bar.

Information from an anonymous person can support an investigatory stop if a subsequent investigation sufficiently corroborates the information in order to establish the reliability of the informant, *State v. Urioste*, 2002-NMSC-023, ¶ 16, 132 N.M. 592, 52 P.3d 964, and particularized information regarding the occurrence of the alleged criminal activity is known to the officers, *State v. Prince*, 2004-NMCA-127, ¶ 17, 136 N.M. 521, 101 P.3d 332. Here, police were able to corroborate information received from the anonymous caller, including the description of the vehicle, the place where the transaction was to take place, and the approximate time of the transaction. The caller gave the name of the person

who would be driving the vehicle, and officers discovered the that vehicle was registered to that person. The officers were also given information that Defendant was possibly going to conduct a drug transaction. During surveillance, the officers observed a second vehicle park next to Defendant's vehicle, and saw the driver of the vehicle lean into Defendant's window, after which both drivers left. Based on the information that a drug transaction was possible; the short interaction between Defendant and the other driver, including the fact that the driver leaned into Defendant's window; and Officer DiMatteo's training and experience, there was particularized information present in this case that a drug transaction was taking place. *See id.*; [RP 94] The information given by the anonymous caller was corroborated by the officers during surveillance, including particular details corroborating the caller's allegation that a drug transaction would take place. The investigatory stop was lawful.

For the reasons discussed above and in our calendar notice, we affirm the district court's denial of Defendant's suppression motion.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

4

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

5