This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                               NO.   29,349

**TRAVIS HENDERICKSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Edmund H. Kase, III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Defendant appeals the denial of his motion to suppress, a claim he reserved in his conditional plea. We proposed to affirm in a calendar notice, and we have

received a response from Defendant. After due consideration of the arguments made by Defendant, we affirm.

Defendant continues to argue that the traffic stop in this case was improperly expanded into a drug investigation though officers lacked reasonable suspicion that Defendant possessed drugs. Defendant also challenges the testimony that he consented to a pat-down search or to removal of an object from his pocket. According to Defendant, the main issue in this case is whether there was a reason to conduct a pat-down search. [MIO 8] Below, Defendant claimed he was not contesting the stop, but was challenging the authority of officers to search him or ask for consent to search once it was revealed that there was no outstanding warrant. [RP 184-85]

As discussed in our calendar notice, we view the evidence in the light most favorable to the State to determine whether the law was correctly applied to the facts. *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. When reviewing the denial of a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *See State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442; *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171.

There was testimony presented to show that officers believed that Defendant was driving on a suspended license and that there was possibly an outstanding warrant for Defendant. Defendant did not pull over when emergency lights were activated, forcing police to use one of their own vehicles in order to stop Defendant. [DS 3-4; RP 158; RP 185-86] There was testimony from Officer Sedillo that he was concerned for officer safety, and testimony from Officer Benavidez that he was concerned because Defendant did not pull over right away, was acting nervous, and was sweating. [RP 154, 158] Officer Sedillo was conducting a background check when he asked Defendant "if he had anything on him he shouldn't have," to which Defendant responded, "no." Officer Sedillo asked and received permission to conduct a pat-down search on Defendant, and received permission from Defendant to retrieve a hard object in Defendant's pocket. As Officer Sedillo was handing the object to another officer, Defendant grabbed the object and fled. [RP 154-155]

The district court found it highly relevant that an officer had to pull in front of Defendant in order to force him to stop, even though emergency lights had been engaged, and this supported the officers' safety concerns and the decision to conduct a pat-down search. [RP 185-86] The district court also found that Defendant consented to the pat-down search. [RP 186] Defendant claims that the

testimony regarding his consent was contradicted, and that the officers lacked the requisite suspicion to detain him to ask a question and conduct the pat-down search. [MIO 8-9]

With respect to Defendant's claim that there was conflicting evidence presented by the witnesses in the case, we point out that conflicts in testimony or evidence are for the district court to resolve. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Viewing the testimony and evidence in the light most favorable to the State, we hold that the district court's findings are supported by substantial evidence. We hold that the district court correctly determined that, based on the totality of circumstance surrounding the stop, it was reasonable for the officers to be concerned for their safety. Those circumstances included Defendant's refusal to stop until forced to do so, his nervousness, and the fact that he was sweating. Due to safety concerns, the officers were authorized to detain Defendant to ask if he had anything he should not have and to request permission to conduct a pat-down search. *Cf. State v. Affsprung*, 2004-NMCA-038, ¶ 11, 135 N.M. 306, 87 P.3d 1088 (stating that a driver may be detained under certain circumstances for safety concerns regarding weapons); *State v. Chapman*, 1999-NMCA-106, ¶ 17, 127 N.M. 721, 986 P.2d 1122 (holding that it was lawful for officer to ask questions about weapons and conduct a pat-down search where

4

the officer described nervousness, as well as specific behaviors that explained why he was concerned that the defendant was dangerous). In addition, as noted in our calendar notice, there was substantial evidence to show that Defendant consented to the pat-down search. *See State v. Gutierrez*, 2005-NMCA-015, ¶ 11, 136 N.M. 779, 105 P.3d 332 (stating that one recognized exception to the warrant requirement is consent).

For the reasons discussed in this opinion and in our calendar notice, we affirm the district court's denial of Defendant's motion to suppress.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Judge**

**TIMOTHY L. GARCIA, Judge**