This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,168**

**KRISTEN BOZE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

Lisa Bozone, Assistant Public Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

Defendant appeals the district court's judgment affirming Defendant's first

offense DWI conviction from metropolitan court, entered pursuant to a conditional plea. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response to our notice. We have considered the arguments in Defendant's response, and remain unpersuaded. We affirm.

On appeal, Defendant asks whether the evidence should have been suppressed because Defendant was unreasonably detained in violation of the police-team qualification to the misdemeanor arrest rule where the officer, who initially stopped her, waited for a second officer to arrive, rather than conduct a DWI investigation himself. [DS 6] On appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *See State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171.

Our notice expressed the difficulty we had identifying the violation or the harm Defendant alleges she suffered from the encounter with the officers. We noted that Defendant did not argue that her detention was impermissibly delayed or expanded when Officer Locke waited for Officer Rodriguez to investigate her for DWI. We pointed out that Defendant's challenge focused only on the officers' satisfaction of the police-team qualification to the presence requirement. [CN 2] Defendant's response makes it clear that she believes that the police-team exception was not satisfied

because there was no exigency nor any reason for the second officer to conduct the DWI investigation, and there was insufficient evidence of a cooperative effort between the officers. [MIO 4, 7-10] Defendant does not set forth any factual or legal argument to persuade us that the analysis proposed in our notice was incorrect.

The police-team qualification to the presence requirement was adopted to address the requirement that an officer must be present for the commission of a misdemeanor in order to make a warrantless arrest for a misdemeanor offense. *See State v. Lyon*, 103 N.M. 305, 308, 706 P.2d 516, 519 (Ct. App. 1985). "The purpose of the presence requirement is to prevent warrantless arrests based on information from third parties." *Id.* To satisfy the presence requirement but avoid "shackl[ing] police efficiency and the use of modern communications equipment," *Id.* at 309, 706 P.2d at 520, the police-team qualification was developed to permit "a member of the police-team [to] arrest for a misdemeanor committed in the presence of another member of the police-team." *Id.* at 308, 706 P.2d at 519.

In the present case, the officer who performed the traffic stop was the officer who observed Defendant speeding, and the officer who arrested Defendant for DWI was the officer who performed the DWI investigation. [RP 91] Therefore, each officer had sufficient information to act as he did. Defendant seems to argue that nevertheless the police team qualification was not satisfied because it was not

3

necessary for Officer Locke to have Officer Rodriguez conduct the DWI investigation. This is not the harm that the present requirement is intended to address. We see nothing unconstitutional about the cooperation of police officers in an investigation that a defendant finds to be an unnecessary collaborative effort. *See State v. Warren*, 103 N.M. 472, 477, 709 P.2d 194, 199 (Ct. App. 1985) ("Generally, 'police-team' cases fall into one of two categories: first, situations in which the police officer must call in assistance for such reasons as inherent danger or criminal flight and, second, situations involving cooperative police efforts.").

To the extent that Defendant argues that there was insufficient police cooperation or collaboration to satisfy the police-team qualification to the presence requirement, we are not persuaded. Officer Rodriguez observed what he thought was obviously a car chase involving two cars that were eluding Officer Locke. [RP 91] Officer Rodriguez called Officer Locke to determine whether he wanted assistance, and he responded that he did want assistance. [Id.] Officer Rodriguez pulled over the vehicle in the lead, performed a DWI investigation, and arrested the driver. [Id.] With the arrestee in his patrol car, Officer Rodriguez drove to where Officer Locke stopped the other vehicle. Officer Locke believed that Defendant was driving after having consumed alcohol and asked Officer Rodriguez, a member of the Albuquerque Police Department's DWI Unit, to complete the DWI investigation. [Id; DS 2-3]

Officer Rodriguez conducted a DWI investigation and arrested Defendant for DWI. [RP 91]

To the extent the police team qualification is even required to establish Officer Rodriguez's presence for events indicating probable cause to arrest Defendant for a misdemeanor, we fail to see why these facts do not indicate a cooperative police effort. These facts are distinguishable from those in *Warren*, which did not involve a collective investigation or collective perceptions that combined to constitute probable cause, where an officer patrolling a park called an off-duty officer to report that he saw the defendant drinking in the park and the off-duty officer arrested the defendant without the first officer and without witnessing behavior that furthered the other officer's probable cause to arrest the defendant for a misdemeanor. *See Warren*, 103 N.M. at 474, 478, 709 P.2d at 196, 200. In contrast, a collective police effort developed in the current case when Officer Rodriguez saw the car chase, offered his assistance in stopping the cars he could see were evading Officer Locke, and assisted in the DWI investigation as a specialist. Characterizing Officer Rodriguez's assistance to Officer Locke in the DWI investigation as having been borne out of convenience rather than necessity, without more, does not make the police team qualification less applicable under these facts.

We affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**ROBERT E. ROBLES, Judge**