This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,083**

**ELIZABETH MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Linda Yen
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from the district court's order in an on-record appeal that affirmed the metropolitan court's order, finding her guilty of first offense DWI and open container. We issued a notice of proposed summary disposition, proposing to

affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response, and remain unpersuaded that she established error. We affirm.

On appeal, Defendant argues that the officers lacked reasonable suspicion to stop her, because the stop was based on a mistake of law, and if not, the stop could not be justified under the community caretaking function. [DS 8-9; 8-15,15-20] On appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171. "We . . . determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785.

**Community Caretaking**

As we stated in our notice, there is no indication in the record that Defendant argued the factually intensive grounds that the officers' community caretaking function could not justify the stop. [RP 74 lines 19-22, RP 75 lines 1-12] *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes

an intelligent ruling thereon). In response to our notice, Defendant concedes that the issue was not preserved, but argues that the issue was the State's to preserve, not the defense's. [MIO 15-18] Because Defendant raised the matter in her docketing statement, however, we addressed it. We hold that the officers had reasonable suspicion to stop Defendant, and do not address the issue further.

**Mistake of Law**

The defense argued that the officers stopped Defendant under a mistake of law, held to be a constitutionally unreasonable basis for a stop. *State v. Anaya*, 2008-NMCA-020, ¶ 15, 143 N.M. 431, 176 P.3d 1163 (filed 2007). [DS 3-9; MIO 8-15] In the current case, the officers approached Defendant in her vehicle because it was stopped in Los Altos Park at 10:30 p.m., a half hour after the park was closed. [RP 68-69] Defendant argued that the State failed to present sufficient evidence that the park closed at 10:00 p.m., and that the officers, therefore, lacked reasonable suspicion to detain her. [DS 3-8] In support of her argument, Defendant presented the Albuquerque City Ordinance stating that parks are open from 6:00 a.m. to 12:00 a.m., unless otherwise posted. [RP 71] Officer Oates testified that signs posted in the park stated that it closed at 10:00 p.m., specifically pointing out the sign at the west end of the park's south parking lot. [RP 70; MIO 4-5] Officer Oates also testified that it was common knowledge among officers patrolling the park that it closed at 10:00 p.m.,

except when softball games run past that time, and that no such games were being played when he found Defendant. [RP 70] To rebut this evidence, on cross-examination of Officer Oates, the defense produced photographs of the park for demonstrative purposes, which, he testified did not show signs stating that the park closed at 10:00 p.m. [Id.] The defense did not produce any evidence, however, that proved the officers were wrong and that the park closed at midnight or any time after 10:00 p.m.

"A defendant has the burden to produce evidence of a fourth-amendment violation." *State v. Anaya*, 2008-NMCA-077, ¶ 6, 144 N.M. 246, 185 P.3d 1096, *rev'd on other grounds* 2009-NMSC-043, 147 N.M. 100, 217 P.3d 586. To the extent that the defense was that the park's closing time was an objectively provable fact, and that it closed after 10:00 p.m., Defendant did not present that objective proof. As we stated in our notice, Defendant did not, therefore, establish that her case involves a mistake of law. We continue to be persuaded that, given the officer's testimony about the park's closing time, this was a question of fact for the fact finder to determine the weight and credibility of the evidence. *See State v. Notah-Hunter*, 2005-NMCA-074, ¶¶ 6-7, 137 N.M. 597, 113 P.3d 867 (holding that, where there is no radar reading, it was for the fact finder to weigh the credibility of evidence as part of the determination of the reasonableness of the officer's suspicion that the law was being violated); *see*

*also State v. Sanchez*, 2000-NMSC-021, ¶ 32, 129 N.M. 284, 6 P.3d 486 (stating that "the fact finder resolves conflicts and determines weight and credibility").

Defendant's response to our notice emphasizes that the State's evidence that the park was closed was weak and conflicting. [MIO 14] Nevertheless, where the fact finder rules against the party with the burden, we must affirm if it was rational for the fact finder to be unpersuaded by the evidence supporting the party bearing the burden. *See Lopez v. Adams*, 116 N.M. 757, 758, 867 P.2d 427, 428 (Ct. App. 1993). There was evidence that the officers often work that area, patrol the park on bicycles, often find drug and alcohol use there after dark, it was common knowledge that the park closed at 10:00 p.m., and Officer Oates has a key to the light box he uses to shut the lights off after 10:00 p.m. [MIO 3-5] The officers were highly familiar with the park and enforcing the park rules. The officer testified that the skate park within Los Altos Park has a sign posted, stating that it closed at 10:00 p.m., and he enforced that closing time throughout the park. [RP 70; MIO 3] *See State v. Jones*, 114 N.M. 147, 150, 835 P.2d 863, 866 (Ct. App. 1992) ("We indulge the presumption that the court found all facts in favor of reasonable suspicion.").

With this evidence from the State and only Defendant's demonstrative, photographic evidence, with no positive proof rebutting it, we cannot say that it was irrational for the fact finder to be unpersuaded by the defense's evidence, the party

5

bearing the burden. *See Lopez*, 116 N.M. at 758, 867 P.2d at 428. Therefore, we hold that the officers had a reasonable suspicion that the law was being violated. *See Jones*, 114 N.M. at 151, 835 P.2d at 867 ("We accept as true the fact that the officers stopped [the] defendant for all the reasons we mention above because substantial evidence supports the fact.").

For these reasons and those stated in our notice, we affirm the denial of Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

6