This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                                                    **NO. 31,431**

**MATTHEW J. JOHN**,

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

The State appeals the district court order granting Defendant's motion to suppress evidence in this driving while under the influence of intoxicating liquor (DWI) case. The sole issue on appeal is whether the inception of the investigatory detention was supported by reasonable suspicion. The district court determined that it was not. Concluding otherwise, we reverse the district court.

**BACKGROUND**

Defendant was arrested for DWI while leaving a rodeo in McKinley County. Officer Salvador Asebedo, a uniformed patrol officer with the New Mexico State Police, testified that he was directing a line of traffic leaving the event. An elderly woman driving out of the park pointed to the car behind her and told Officer Asebedo that the driver of that vehicle was intoxicated. Officer Asebedo then looked at the vehicle behind her, later testifying that clearly "you could see that he was under the influence of alcohol" and initiated an investigatory detention. Following the investigatory detention, Defendant was arrested for DWI.

Defendant moved to suppress, challenging the basis for seizing him at the inception of the stop. The district court granted Defendant's motion. Although the written order does not contain findings and conclusions, at the suppression hearing the district court, without ruling at that time, made it clear that it was concerned about the conclusory nature of both the citizen's information and the officer's statement that Defendant appeared intoxicated.

**STANDARD OF REVIEW**

On appeal from a district court ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171. "In reviewing the application of law to facts, we view the facts in a manner most favorable to the prevailing party." *State v. Baca*, 2004-NMCA-049, ¶ 11, 135 N.M. 490, 90 P.3d 509.

**DISCUSSION**

"A police officer cannot forcibly stop an individual for purposes of investigation merely on the basis of an inchoate and unparticularized suspicion or hunch that criminal activity may be afoot." *State v. Urioste*, 2002-NMSC-023, ¶ 10, 132 N.M. 592, 52 P.3d 964 (internal quotation marks and citation omitted). "Rather, the officer must look at the totality of the circumstances—the whole picture." *Id.* (internal quotation marks and citation omitted). "The officer must be able to form a reasonable suspicion, based on objective facts that the individual in question is, or is about to be, engaged in criminal activity." *Id.* (internal quotation marks and citations omitted).

The parties dispute whether the stop in this case was justified under *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111. In that case an anonymous caller to 911 reported seeing a vehicle, which the caller described in

3

detail, driving erratically. *Id.* ¶ 2. Officers located the vehicle and stopped it, even though they did not themselves observe any erratic driving. *Id.* Upon contacting the driver, one of the officers noted signs of intoxication, and the driver subsequently failed field sobriety tests and was arrested for DWI. *Id.*

The defendant in *Contreras* moved to suppress the evidence, arguing that the anonymous tip did not provide reasonable suspicion to stop him because it was completely uncorroborated. The district court granted the motion to suppress, and the State appealed. *Id.* ¶ 3. We reversed after considering the totality of the circumstances. These included the amount of detail in the tip and the fact that the tip came from a citizen-informant, who is considered more reliable than an ordinary police informant because a citizen-informant presumably has nothing to gain by fabrication and that the citizen-informant said he was an eyewitness. *Id.* ¶¶ 10-12. The circumstances also involved the exigency of the danger that an intoxicated driver presents to others. *Id.* ¶¶ 13-15.

The totality of the present circumstances includes three additional factors that make reversal here even more appropriate than in *Contreras.* Here, the police officer did not have to go looking for the vehicle in question, as it was immediately behind the citizen-informant, reducing the possibility of misidentification. Second, by making the report to the officer in person, the informant exposed herself to the possibility that the officer could identify her later (even though he did not record any

4

identifying information) if the information was false. Third, the officer corroborated the citizen's information when he looked at the vehicle behind her and saw that the driver appeared "clearly" under the influence of alcohol.

Defendant's answer brief argues that under our standard of review, we should defer to the district court's credibility determinations with respect to Officer Asebedo's testimony. *See Baca*, 2004-NMCA-049, ¶ 11. Specifically, Defendant claims that on cross-examination he impeached Officer Asebedo's testimony because the police report stated that upon contact, the officer noticed the smell of alcohol but did not say that Defendant was drunk. In other words, the implication is that the district court could have rejected Officer Asebedo's testimony that Defendant appeared to be under the influence. A review of the hearing indicates that the district court specifically accepted the officer's testimony that he first noticed that Defendant appeared to be under the influence when he looked behind the citizen's vehicle, prior to any contact; instead, the district court was concerned with whether his description was too conclusory. The district court was therefore concerned with the conclusory nature of both the citizen's and officer's assessment of Defendant. However, with respect to the citizen's assessment of Defendant's condition, "it is well recognized that laymen are capable of assessing the effects of intoxication as a matter within their common knowledge and experience." *State v. Privett*, 104 N.M. 79, 82, 717 P.2d 55, 58 (1986). In addition, it follows that Officer Asebedo, with his training and

5

experience of making over 200 DWI arrests, was capable of making the type of assessment to justify the initiation of this investigative detention. *See State v. Van Dang*, 2005-NMSC-033, ¶ 16, 138 N.M. 408, 120 P.3d 830 (observing that courts will defer to "the training and experience of the officer" when determining whether "particularized and objective indicia of criminal activity" existed).

Defendant also advances a "right for any reason" argument. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant). Specifically, Defendant claims that the police action amounted to a de facto roadblock that did not satisfy constitutional requirements. We reject this argument. Nothing in the record supports the claim that the officers were systematically stopping cars; to the contrary, Officer Asebedo testified that he was simply assisting the outflow of traffic from the park.

**CONCLUSION**

In summary, while exiting the rodeo, a citizen informed a police officer that the driver in the car behind her was intoxicated, at which time the officer looked and confirmed this in his mind, triggering the investigative detention. Based on these facts, we conclude that the officer had reasonable suspicion. Accordingly, we reverse the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**

7