This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                           **NO. 32,496**

**SAMUEL MARTINEZ,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

{1} The State appeals from the district court's order granting Defendant's motion to suppress evidence. [RP 47-48] This Court's first notice of proposed disposition proposed to reverse the order on the basis that there was sufficient probable cause for the arrest. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and reverse the district court's order.

{2} Defendant argues that the officer had no probable cause to arrest him because the district court found that the stop sign violation was not indicative of impaired driving, Defendant's bad knees resulted in the standard field sobriety tests (FSTs) carrying very little weight, and Defendant subsequently completed the alternate FSTs successfully. [MIO 3] Defendant asserts that, even assuming the officer had probable cause to arrest him at the end of the standardized FSTs, he chose to give Defendant two alternative tests, and was not free to disregard the results of the second test. [Id.] Defendant relies on *State v. Flores*, 1996-NMCA-059, ¶ 14, 122 N.M. 84, 920 P.2d 1038, and *Bigford v. Taylor*, 834 F.2d 1213 (5th Cir. 1988), for the contention that officers may not disregard a subsequent investigation that lessens probable cause. [MIO 3, 5] Defendant essentially argues that his successful results on the alternative tests dissipated any probable cause initially found by the officer. [MIO 6]

{3} "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *State v. Granillo-Macias*, 2008-NMCA-021,

¶ 9, 143 N.M. 455, 176 P.3d 1187. "Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that Defendant had been driving while he was to the slightest degree impaired[.]" *Id.* "We judge reasonableness by an objective standard, mindful that probable cause requires more than a suspicion, but less than a certainty." *State v. Sanchez*, 2001-NMCA-109, ¶ 11, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted).

{4}     In *State v. Contreras*, 2003-NMCA-129, ¶ 5, 134 N.M. 503, 79 P.3d 1111, this Court outlined the applicable law concerning a defendant's rights when arrested for driving under the influence:

> A brief detention for investigatory purposes is a seizure entitled to Fourth Amendment protections. The Fourth Amendment requires that all seizures be reasonable. A police officer may, in appropriate circumstances approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. The officer, looking at the totality of the circumstances, must be able to form a reasonable suspicion that the individual in question is engaged in or is about to be engaged in criminal activity. Reasonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts. Reasonable suspicion is dependent on both the content of information possessed by the police and its degree of reliability.

(internal quotation marks and citations omitted).

{5}     Defendant argues that, under *Flores* and *Bigford*, even if the officer had probable cause to arrest after he failed the standard FSTs, his successful performance of the alternative FSTs, which the officer chose to administer because of Defendant's

bad knees, dissipated any possible probable cause. [MIO 3, 8]. *Bigford* stands for the proposition that the police may not disregard facts tending to dissipate probable cause to seize a truck suspected of being stolen. 834 F.2d at 1218-219. *Flores* applied a similar principle in a case involving whether a further detention and search following an investigatory stop exceeded the scope of what was permissible under principles of reasonable suspicion. *See Flores*, 1996-NMCA-059, ¶ 12.

{6}     In light of the totality of the circumstances approach inherent in our probable cause analysis, we conclude that the district court's order granting the State's motion to suppress was legal error. *See State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171 (stating that on appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo). Even assuming Defendant made a slow rolling stop, and did not speed through the stop sign, the stop for the traffic violation was valid. [MIO 1] The officer observed signs of intoxication including bloodshot watery eyes, slurred speech, and a strong odor of alcohol. Defendant admitted to drinking alcohol that morning and performed poorly on the standard walk and turn and one-leg-stand FSTs. [MIO 1-2] Under the totality of the circumstances, all the evidence of impairment was not negated by Defendant's subsequent, better performance of the alternative alphabet and countdown FSTs.

**{7}** Lastly, Defendant attempts to distinguish the cases cited in the memorandum opinion. [MIO 6-7] We are not persuaded by Defendant's comparison with specific facts to other cases. "Each case stands on its own facts; there is no one set of circumstances required for probable cause." *Sanchez*, 2001-NMCA-109, ¶ 12.

**{8}** Therefore, we conclude that the officer had probable cause to arrest Defendant. *See Leyba*, 1997-NMCA-023, ¶ 8 (stating that on appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo). Under the circumstances of a vehicle speeding through a stop sign, we also conclude that there were exigent circumstances to support the arrest. *See City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 15, 148 N.M. 708, 242 P.3d 275 (noting inherent exigencies that justify abolishing misdemeanor-arrest rule).

**{9}** For these reasons, and those stated in the first notice of proposed disposition, we hold that the officer's personal observations, along with Defendant's admission to drinking alcohol that morning, constituted sufficient probable cause for the arrest. We reverse the order suppressing the evidence and remand to the district court.

**{10}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

5

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**