This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                          **NO. 31,278**

**JOHN K. WILLIAMS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant appeals his convictions for three counts of second degree criminal

sexual penetration (deadly weapon), one count of armed robbery, one count of aggravated burglary (deadly weapon), and two counts of tampering with evidence. [RP 194, 202] Our calendar notice proposed to affirm. Pursuant to a granted motion for extension of time, Defendant filed a timely memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend. We further remain unpersuaded by Defendant's arguments, and therefore affirm.

We address first Defendant's motion to amend his docketing statement. [MIO 1, 14-17] Defendant seeks to add the issue that his convictions for two counts of tampering with evidence violated his right to be free from double jeopardy. *See State v. Bernal*, 2006-NMSC-050, ¶ 7, 140 N.M. 644, 146 P.3d 289 (defining a unit-of-prosecution claim). In this type of claim, we determine, based on the specific facts of each case, whether a defendant's activity is better characterized as one unitary act, or multiple, distinct acts, consistent with legislative intent. *See State v. Stone*, 2008-NMCA-062, ¶ 3, 144 N.M. 78, 183 P.3d 963. Victim testified that, after raping her, Defendant demanded that she give him her cell phone and bedding because she could use them to accuse him of raping her. [MIO 14] These items were subsequently removed from a dumpster behind Victim's house. [MIO 14] Also, Victim testified that Defendant used a green-handled knife in the rape [MIO 14], and Defendant told Detective Argo that he had thrown a green-handled nail file in a neighbor's yard.

[MIO 14] Given that Defendant discarded inculpatory items at different times in two separate locations, we conclude that the tampering with evidence counts were separated by sufficient indicia of distinctness. *See State v. DeGraff*, 2006-NMSC-011, ¶ 37, 139 N.M. 211, 131 P.3d 61 (affirming the defendant's convictions for three tampering offenses when the defendant disposed of the evidence at different times in three separate locations). Because Defendant's double jeopardy challenge lacks merit, we deny Defendant's motion to amend his docketing statement. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (providing that we will deny a motion to amend the docketing statement when the argument offered in support of the motion is not viable).

In issue (1), Defendant continues to argue that the district court improperly struck a prospective juror for cause based on the prospective juror being a Jehovah's Witness. [DS 6; MIO 2] We recognize that the removal of a prospective juror based on religious affiliation is improper. *See generally State v. Fry*, 2006-NMSC-001, ¶ 7, 138 N.M. 700, 126 P.3d 516 (addressing an argument that prospective jury members, in violation of the state and federal constitutions, were excluded based on their religious affiliations). In the present case, however, the State's challenge for cause was premised not on the prospective juror's status as a Jehovah's Witness [MIO 4], but instead on the prospective juror's statements during voir dire that he could not

3

follow New Mexico's law that the testimony of a single witness is sufficient to convict, and that he would instead require testimony from two witnesses. [MIO 3] While the prospective juror's statements may be a consequence of his religious beliefs, he was appropriately struck for cause because – irrespective of his religious beliefs – his statements indicated an inability to follow the law, and listen to and weigh the evidence. As we explained in *State v. Clark*, 1999-NMSC-035, ¶ 17, 128 N.M. 119, 900 P.2d 793, "[t]he fact that the potential juror's inability to perform his or her duty is based upon religious objection and belief does not violate the religious protections of the New Mexico Constitution, because exclusion from the jury was not based upon religious affiliation." "[R]ather than the court excluding jurors because they are members of a particular religion, the court excluded jurors who were unable to apply the law." *Id*. ¶ 12.

We acknowledge information provided in Defendant's memorandum in opposition that the prosecutor, in challenging the prospective juror for cause, stated that there were only two eye-witnesses to the alleged rape—Victim and Defendant— and that the prosecutor would be calling only one of them. [MIO 3] We acknowledge also that the State ultimately called six witnesses. [MIO 6] But given the prospective juror's statement indicating that his ability to listen to and weigh the evidence was dependent on the number of witnesses, the State was not required to delve into

whether the prospective juror distinguished between those witnesses who were present during the commission of the alleged crimes versus those witnesses who were not. More importantly, whether the State ultimately called more than one witness is not determinative. [MIO 3, 6] Instead, what is determinative is that the prospective juror's statements reflected an inability to weigh the evidence based on the force of the evidence as opposed to the number of testifying witnesses. For this reason, we hold that the district court properly excluded the prospective juror for cause. *See State v. Sutphin*, 107 N.M. 126, 129, 753 P.2d 1314, 1317 (1988) (holding that the district court properly excludes a juror for cause where the juror's views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath" (internal quotation marks and citation omitted)).

In issue (2), Defendant continues to argue that the district court erred in allowing the State's main law enforcement witness, Detective Argo, to be present at the prosecutor's table during voir dire. [DS 5, 6; MIO 7] As support for his argument, Defendant refers to Rule 11-615 NMRA, which provides that, "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]" As we stated in our notice, however, this rule does not support Defendant's position, as it does not address the presence of a witness during voir dire. Moreover, even if we agreed that the rule should nonetheless be

5

extended to voir dire, which we do not, we would nonetheless continue to affirm, as Defendant has not demonstrated any specific prejudice. *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (stating that "[a]n assertion of prejudice is not a showing of prejudice").

In issue (3), Defendant continues to argue that his right to be free from double jeopardy was violated when the district court sentenced him for three crimes of CSP. [DS 6; MIO 8] *See generally Bernal*, 2006-NMSC-050, ¶ 7 (addressing a unit-of-prosecution claim). In support of his argument, Defendant maintains that his conduct was unitary because there was a single victim [MIO 10], the penetrations took place in a single location [MIO 10], and the penetrations "took place in rapid succession as part of a single attempt at rape." [MIO 10]

As detailed in our notice, however, under the six-factor framework set forth in *Herron v. State*, 111 N.M. 357, 361, 805 P.2d 624, 628 (1991), the facts nonetheless support three separate acts of CSP with a deadly weapon: one based on Defendant's initial penile penetration of Victim's vagina while wearing a condom [MIO 8], one based on Defendant's act of causing Victim to engage in fellatio [MIO 9], and one based on Defendant's subsequent penile penetration of Victim's vagina while not wearing a condom. [MIO 9] In this regard, Defendant's act of forcing Victim to engage in fellatio is distinct from his acts of penetrating her vagina. *See id.*

at 362, 805 P.2d at 629 ("Except for penetrations of separate orifices with the same object, none of [the] factors alone is a panacea."). Moreover, Defendant's two penile penetrations of Victim's vagina are also sufficiently distinct as—between these two vaginal penetrations—Victim and Defendant struggled over the knife [MIO 9], had an intervening conversation [MIO 9], Defendant took off a condom [MIO 9], and Defendant penetrated Victim's mouth. [MIO 9] *Id*. at 361, 805 P.2d at 628 (relevant to whether distinct criminal sexual penetrations have occurred is the existence of an intervening events).

In issue (4), Defendant continues to argue that his sentence constitutes cruel and unusual punishment on the asserted basis that its length is grossly disproportionate to the charged crime. [MIO 10-11] As provided in our notice, however, the length of a sentence, including whether the sentence runs concurrently or consecutively [DS 6, 7], is within the district court's discretion so long as it is within the guidelines imposed by the Legislature. *See State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429 (stating that the district court does not abuse its discretion by imposing a sentence authorized by law). While a legislatively-imposed sentence is still subject to constitutional scrutiny [MIO 11-12], we do not impose our views concerning the appropriate punishments for crimes absent a compelling reason. *State v. Lucero*, 104 N.M. 587, 594, 725 P.2d 266, 273 (Ct. App. 1986). In this case, we do

not agree that the length of the sentence is disproportionate to the crimes or that exceptional circumstances are present such that Defendant's sentence is cruel and unusual. *Cf. State v. Arrington*, 115 N.M. 559, 561-62, 855 P.2d 133, 135-36 (Ct. App. 1993) (affirming the district court's ruling that mandatory incarceration would constitute cruel and unusual punishment due to the defendant's serious medical needs and lack of adequate medical care available in prison).

In issue (5), Defendant continues to argue that he was deprived a fair trial and otherwise deprived of his rights because his jury was composed mainly of "elderly women." [DS 7; MIO 13] In support of his argument, Defendant again refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). [DS 10; MIO 13] As provided in our notice, Defendant did not preserve this argument below. S*ee State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993) (discussing preservation requirements). Defendant's argument nonetheless lacks merit, as Defendant has a right only to impartial jurors, not to the impartial jurors of his choice. *See State v. Jim*, 107 N.M. 779, 783, 765 P.2d 195, 199 (Ct. App. 1988).

Based on the foregoing discussion, as well as the discussion set forth in our notice, we affirm all of Defendant's issues.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**