This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 32,742**

**MARIO ALBERTO PINELA-MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** Defendant Mario Alberto Pinela-Marquez appeals his conviction for second-degree criminal sexual penetration. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. As we do not find Defendant's arguments persuasive, we affirm.

**The Nurse's Qualification as an Expert**

**{2}** Defendant contends that the district court erred in qualifying a nurse as an expert in forensic sexual examinations. [DS 7] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion.

**{3}** In Defendant's memorandum in opposition, he asserts that the nurse was not qualified because, at the time of the first trial, the nurse had not yet completed the two years of experience that are required to become certified as a SANE nurse. [MIO 14] Instead, she had only completed one year. [MIO 14] However, the first trial resulted in a mistrial due to juror misconduct, and the nurse's testimony in that case is not at issue here. Defendant also contends that the nurse had been a Sexual Assault Nurse Examiner (SANE) nurse for less than a year at the time that she examined the victim and that this examination was only her fifth independent examination. [MIO 14] Nevertheless, we find no abuse of discretion. The nurse had been a nurse for thirteen years prior to receiving her SANE nurse training, she had completed that training, and

2

she was one year into the two-year certification process. To the degree that she was not as experienced in forensic sexual examinations as other nurses, that was a proper subject for cross-examination, but did not preclude the district court's decision to certify her as an expert in such examinations. Her training and experience were adequate, even if minimally, to qualify her.

**Testimony that the Victim's Injuries Were Inconsistent with Consensual Sex**

{4} Defendant argues that the nurse's testimony that the victim's injuries were inconsistent with consensual sex was speculative and uncorroborated. [DS 8] In our notice of proposed summary disposition, we proposed to hold that this claim of error was not preserved, and that, even if it was preserved, the district court did not abuse its discretion in admitting this evidence.

{5} In Defendant's memorandum in opposition, he asserts that he did preserve this issue, and that even if he did not, the admission of this evidence was plain or fundamental error. [MIO 15-19] We are not persuaded that the issue was preserved. Defendant conducted a voir dire of the nurse based on his objection to her qualifications because she had conducted only five independent forensic sexual examinations at the time that she examined the victim. [MIO 9-10] The district court ruled that the nurse could testify as an expert. When, on direct examination, the nurse testified that the victim's injuries were inconsistent with consensual sex, Defendant

3

apparently did not object. [MIO 11] Accordingly, Defendant failed to bring to the attention of the district court any claim of error with respect to the admission of this testimony, and therefore failed to preserve his objection. *See State v. Varela*, 1999-NMSC-045, ¶¶ 25-26, 128 N.M. 454, 993 P.2d 1280 (discussing the need to make a specific objection in order to preserve a claim of error). His objection to the nurse's lack of qualifications did not alert the district court to the argument he makes here. *See State v. Lucero*, 1986-NMCA-085, ¶ 11, 104 N.M. 587, 725 P.2d 266 (Ct. App. 1986) (declining to review an issue because the district court "had no opportunity to consider the merits of, or to rule intelligently on, the argument defendant now puts before us").

**{6}** Neither are we persuaded that the admission of the nurse's testimony constituted plain or fundamental error under the circumstances of this case. This Court has previously held that plain error is to be used sparingly. *State v. Torres*, 2005-NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877. We apply the rule only in evidentiary matters and "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Id*. (internal quotation marks and citation omitted). Similarly, we will only find fundamental error in a limited class of cases. Our discretion to reverse based on fundamental error is exercised only to correct injustices that shock the conscience of

4

the court, a term that has been used "both to describe cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. "Error that is fundamental must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Reed*, 2005-NMSC-031, ¶ 52, 138 N.M. 365, 120 P.3d 447 (internal quotation marks and citation omitted).

{7}    In *State v. Alberico*, 1993-NMSC-047, ¶¶ 83, 91, 116 N.M. 156, 861 P.2d 192, our Supreme Court held that an expert may testify that a victim has injuries consistent with sexual assault, but that the expert may not testify that injuries were actually caused by sexual assault. Testimony that an injury is consistent with sexual assault, unlike testimony about causation, does not constitute improper vouching for the credibility of the victim. *Id.* To the degree the nurse's testimony may have bordered on stating that the injuries were in fact caused by sexual assault because they were inconsistent with consensual sex, we conclude that, viewing her testimony as a whole, there was no plain or fundamental error. On cross-examination, Defendant questioned the nurse about her statement that the victim's injuries were inconsistent with consensual sex. [MIO 12] She testified that injuries like the victim's are likely to

occur when there is a lack of sexual excitement, which results in a lack of lubrication and blood return to the area. [MIO 12] She testified that this lack of sexual excitement and lubrication is more consistent with non-consensual sex. [MIO 12] She also testified that the pelvis is more likely to be tilted during consensual sex, which reduces the likelihood of injury. [MIO 12] She also stated that it was possible that such injuries could be caused by consensual sex between people who were drunk or newer to sexual activity, or if the woman was older and therefore had less lubrication. [MIO 12] Overall, the nurse's testimony indicated that the injuries were consistent with non-consensual sex, but could also result from other causes. Accordingly, we find no plain or fundamental error requiring reversal.

{8} Defendant also suggests that the nurse's testimony was not based on a scientific technique that is founded on well-recognized scientific principles and therefore did not meet the *Daubert* standard articulated in *Alberico*. [MIO 17] This issue was not raised in Defendant's docketing statement, and he did not move to amend the docketing statement to seek to add this issue. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). To the degree that we might construe the addition of this argument as a motion to amend the

6

docketing statement, Defendant has failed to demonstrate that he meets the requirements for granting a motion to amend, including the requirement that the issue sought to be added on appeal was preserved in the district court.

{9} In addition, even if the issue were properly before us, Defendant does not explain why he believes that the standards set forth in *Daubert* and *Alberico* apply to the nurse's testimony about the victim's injuries. When an area of expertise is not scientific, New Mexico does not employ the *Daubert-Alberico* standards. *See State v. Torrez*, 2009-NMSC-029, ¶ 21, 146 N.M. 331, 210 P.3d 228; *State v. Aleman*, 2008-NMCA-137, ¶ 6, 145 N.M. 79, 194 P.3d 110. Defendant has not explained why the nurse's testimony about her observations of the victim's injuries and her training about what kinds of injuries are consistent with non-consensual sex, are scientific information that should be subject to the kind of peer review, testing, and evaluation for rates of error that are required by *Daubert* and *Alberico*. Therefore, even if this argument were properly before us, we would conclude that because Defendant has not properly developed this argument, he has failed to demonstrate error on this basis. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that this Court does not review unclear or undeveloped arguments).

{10} Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{11}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**