This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 28,181**

**NOEL SANCHEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from his convictions of kidnapping (second degree), four counts of criminal sexual penetration (second degree), criminal sexual contact (fourth degree), aggravated assault with a deadly weapon (fourth degree), and battery. He argues on appeal that: (1) the district court denied his right to confrontation by allowing testimony concerning DNA evidence by an expert who did not gather or test the evidence; (2) the district court denied his right to present a defense by restricting his evidence concerning the nature of his prior sexual contact with the victim; and (3) the evidence was insufficient to support his convictions. We affirm.

**RIGHT TO CONFRONTATION**

After the victim was stopped by Sergeant Tim Zagorski of the Doña Ana County Sheriff's Department, she was taken to a Sexual Assault Nurse Examiner (SANE nurse) for examination. The SANE nurse collected samples of the victim's bodily fluids, hair, saliva, and fingernails. She also collected a substance from under the victim's fingernails that was later identified as fecal matter and matched with Defendant's DNA. The collected matter was ultimately tested at the crime lab by DNA technician Eve Takamura.

At trial, Lydia Vandiver, a SANE nurse, testified as an expert in sexual assault examination. She testified about the examination of SANE nurse Deonne Arnold,

2

who had died before trial. Defendant did not raise a confrontation objection. The objections Defendant did raise during Ms. Vandiver's testimony were sustained. Although Defendant argues on appeal that Ms. Vandiver testified about Ms. Arnold's report, no report was received as evidence. Noreen Purcell, a forensic scientist at the Department of Public Safety, also testified regarding the DNA evidence. Defendant did not raise any objection to her testimony or to the exhibits the State offered in connection with her testimony. The State did not offer any report of Ms. Takamura.

"To preserve a claim of error for appellate review involving the admissibility of evidence, a party must make a timely objection." *State v. Lopez*, 105 N.M. 538, 544, 734 P.2d 778, 784 (Ct. App. 1986), *holding modified on other grounds by State v. Baca*, 114 N.M. 668, 671-72, 845 P.2d 762, 765-66 (1992). This preservation requirement applies to confrontation issues. *See State v. Lucero*, 104 N.M. 587, 590-91, 725 P.2d 266, 269-70 (Ct. App. 1986) ("The issue of denial of the right to confrontation may not be raised for the first time on appeal."). Because Defendant did not raise objections at trial to the testimony he now complains of on appeal, we do not consider his arguments.

**PRIOR SEXUAL RELATIONSHIP**

Defendant argues in his brief in chief that the district court limited his ability to present a full and fair defense by limiting his inquiry about prior sexual conduct

between the victim and Defendant. Defendant had filed a motion for an in camera hearing to determine the admissibility of the victim's past sexual conduct. At the hearing, Defendant's attorney stated that two witnesses would testify that the victim and Defendant had engaged in previous sexual conduct and that one of the witnesses, Patricia Medina, would testify to observing them engaging in oral sex. Defendant's attorney argued that the prior sexual conduct was significant to Defendant's defense because it connected Defendant's DNA material with the victim, impeached the victim's description of the allegations, and provided a motive for the victim to give a false description because she was in a long-term relationship with another man. Defendant's attorney further argued that Defendant's defense would be one of consent.

The district court granted Defendant's motion and allowed testimony concerning Defendant's prior sexual conduct with the victim. In permitting Ms. Medina's testimony, however, the district court stated that it would not permit a description of the sexual act on direct examination and would only permit any detail if the State made inquiry on cross examination. Defendant's attorney did not indicate any objection to the court's ruling.

On appeal, Defendant contends that the district court "limited his ability to present a full and fair consent defense" because "a more detailed examination

regarding the observed prior sexual conduct . . . would have further corroborated his version of the events on the day of the alleged attack." He asserts that under *State v. Johnson*, 1997-NMSC-036, ¶ 29, 123 N.M. 640, 944 P.2d 869, the details of the prior conduct "closely resemble those of the present case." We review the district court's determination as to the admissibility of evidence for an abuse of discretion. *State v. Mendez*, 2009-NMCA-060, ¶ 18, 146 N.M. 409, 211 P.3d 206, *cert. granted*, 2009-NMCERT-006, 146 N.M. 734, 215 P.3d 43. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998) (internal quotation marks and citation omitted).

In analyzing for an abuse of discretion, we first note that the district court granted Defendant's motion and allowed testimony concerning the prior sexual conduct. To the extent that the district court limited the testimony, Defendant does not explain here, and he did not explain in the district court, how the description of the conduct would further corroborate his version of the events or resemble the acts in the present case. Moreover, in her proffer of testimony at the hearing on Defendant's motion, Ms. Medina did not specify any sexual act. The district court did not abuse

its discretion in its ruling.

**SUFFICIENCY OF THE EVIDENCE**

Defendant argues that the evidence was insufficient to convict him of the crimes. In particular, he contends that (1) "the State did not offer any independent corroborating physical or forensic evidence directly linking him to the alleged sexual conduct and disputing his defense that he engaged in a consensual sexual encounter with [the victim] mere hours before her alleged assault"; and (2) "the State merely relied on the [victim's] false testimony, even though [Defendant] presented many credible witnesses who testified that he and [the victim] had a prior sexual relationship, thereby reducing her credibility and refuting her testimony that she had never met" Defendant. When reviewing the sufficiency of the evidence to support a conviction, the issue "is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P. 2d 1314, 1319 (1988). We resolve all disputed facts in favor of the guilty verdict, disregarding all evidence and inferences to the contrary. *State v. Garcia*, 2009-NMCA-107, ¶ 20, 147 N.M. 150, 217 P.3d 1048. We do not reweigh the evidence or determine whether some other hypothesis consistent with a finding of

innocence could be designed. *Id.* ¶ 21.

The jury had ample evidence with which to convict. The victim testified that Defendant forced her into her car at knife point, threatened to kill her, and raped her repeatedly. Sheriff deputies and an investigator testified that tires on the victim's car had been punctured and that when one encountered the victim after the incident, the victim was hysterical and in shock. Investigator Lindell Wright observed the victim's hair fall out where she said that Defendant had pulled it. The evidence from the SANE examination was consistent with penetration and force and non-consensual sex. The DNA evidence connected Defendant to the victim.

Although Defendant contends that the State did not offer any corroborating evidence linking him to the illegal conduct and disputing his contention that he had prior sexual contact with the victim that would account for the physical evidence introduced, on appeal, we review only to ascertain if the State presented substantial evidence, including circumstantial evidence, of guilt. Moreover, evidence that conflicts with the victim's credibility does not alter the equation. It was the jury's responsibility to evaluate the evidence and the credibility of the witnesses. *State v. Gipson*, 2009-NMCA-053, ¶ 12, 146 N.M. 202, 207 P.3d 1179. It was free to reject Defendant's version of the facts. *Garcia*, 2009-NMCA-107, ¶ 21.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**