This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. No. 34,166

**MARCOS LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1} Defendant appeals his conviction for criminal sexual contact of a minor in the second degree. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Appointment of Trial Counsel**

{2} Defendant continues to challenge the district court's refusal to replace his attorney. [MIO 6] In this case, Defendant was indigent and he was appointed a public defender. [RP 9] An indigent defendant has the right to appointed counsel, but not the right to the appointment of an attorney of his choice. *See State v. Lucero*, 1986-NMCA-085, ¶ 21, 104 N.M. 587, 725 P.2d 266. Accordingly, our calendar notice proposed to hold that the district court did not commit error in refusing to replace trial counsel with a different public defender.

{3} In his memorandum in opposition, Defendant argues that the district court's ruling on his motion to dismiss counsel requires a separate analysis from the consideration of whether he actually received ineffective assistance of counsel. [MIO 7] However, as this Court stated in *Lucero*, "[i]n order to dismiss the appointed counsel, a defendant must come forward and make a showing that failure to appoint substitute counsel will result in ineffective representation or prejudice to the defense." *Id.* In other words, at the time the motion is made, a defendant must show that ineffective assistance of counsel is likely to occur. Here,

there is no need to speculate on what could occur, because there has been a trial. As such, we consider below whether ineffective assistance actually occurred. To the extent that Defendant believes that the district court could have made more inquiries into the matter, we note that the court permitted Defendant to make his case, and thereafter presided over the trial and is presumed to have considered the adequacy of representation.

**Ineffective Assistance of Counsel**

{4}    Defendant continues to claim that trial counsel was ineffective. [MIO 6] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819.

{5}    Here, Defendant is arguing that trial counsel failed to regularly communicate with him, failed to proceed to trial in a manner Defendant endorsed, should have put forth a greater effort, and failed to adequately investigate the case. [MIO 11-12] Most of these claims appear to involve strategy that do not establish a prima facie showing of ineffective assistance of counsel. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the

conduct of defense counsel" (internal quotation marks and citation omitted)). In addition, the communications between Defendant and counsel are not matters of record subject to review on direct appeal. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). Finally, Defendant has not shown that he was prejudiced. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). To the extent that Defendant's claims may have merit, we believe that they are more properly addressed in a habeas corpus proceeding. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466.

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**M. MONICA ZAMORA, Judge**

4

