This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. A-1-CA-36667**

**DANNY GOREE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Defendant Danny Goree appeals his conviction for possession of a controlled substance (heroin), contrary to NMSA 1978, Section 30-31-23(E) (2011, amended 2019). On appeal, Defendant argues that: (1) there was insufficient evidence to convict him of possession of a controlled substance and (2) the district court abused its discretion in preventing Defendant from questioning an adverse witness about an incident that occurred over twenty years prior. Unpersuaded, we affirm.

## BACKGROUND

**{2}** In May 2016 Captain Rodney Porter of the Lea County Sheriff's Office received a tip from a confidential informant about a man who overdosed on heroin. When Captain Porter arrived at the scene of the overdose—the residence of a woman named Jacqueline Rosemond—he found a man (Wayne Faulk) sitting on the ground sweating profusely. Faulk admitted he used heroin and Captain Porter immediately called an ambulance.

**{3}** Defendant, Rosemond, and two other individuals were also present when Captain Porter arrived. Defendant told Captain Porter that Faulk had fallen unconscious after overdosing on heroin, and that he poured water on Faulk to revive him. While speaking with Defendant, Captain Porter noticed and asked about a syringe sticking out of Defendant's pants pocket. Captain Porter testified that Defendant then took the syringe containing a dark liquid that appeared to be heroin out of his pocket and attempted to push the plunger to empty the syringe of the liquid. Captain Porter prevented Defendant from doing so by grabbing his hand and taking the syringe from him. Based on his training and experience, Captain Porter testified that heroin already drawn into a syringe is for immediate, not later, use. According to Captain Porter, Defendant admitted possession of the syringe, but explained he took it from Faulk after he overdosed. Defendant also told Captain Porter that he used three to four papers—a one unit dosage of heroin—a day. Captain Porter then tagged the syringe into evidence. At trial, the State's forensic chemist testified that the liquid in the syringe tested positive for heroin.

**{4}** Captain Porter testified that he did not arrest Defendant at that time. Instead, he offered Defendant the opportunity to work as a confidential informant. Defendant, however, did not respond to the offer and was later arrested for this incident.

**{5}** Defendant also testified at trial. Defendant stated he had been a heroin addict for thirty-six years, but on that day, he was using Suboxone, an opiate blocker. Defendant believed he could not use both Suboxone and heroin at the same time. Defendant denied having a syringe in his pocket, contrary to Captain Porter's testimony, and testified that, while he never received a syringe from Faulk, he saw Captain Porter retrieve two syringes from Rosemond's house. According to Defendant, Captain Porter told him that if he did not help the drug task force Defendant would be charged with possession of one of the syringes seized from Rosemond's house.

**{6}** On the morning of trial, the State requested that the district court prohibit defense counsel from cross-examining Captain Porter about a twenty-two-year-old incident involving the mishandling of evidence that occurred when Captain Porter was working with the Midland Police Department (Midland incident). The district court granted this request and did not permit Defendant to question Captain Porter about the Midland incident.

**{7}** The jury found Defendant guilty of possession of a controlled substance. Defendant now appeals.

**DISCUSSION**

**I.      Sufficient Evidence Supported Defendant's Conviction**

**{8}**      Defendant argues that there was insufficient evidence to support his conviction for possession of a controlled substance. Consistent with his trial testimony, Defendant maintains he did not possess heroin and that is why Captain Porter did not arrest him immediately. The State argues that there was sufficient evidence to support his conviction and there is no reason to re-assess the jury's determination.

**{9}**      "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "[W]e must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted). "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Id.* (internal quotation marks and citation omitted). The function of an appellate court with respect to challenges to the sufficiency of the evidence is to "ensure that a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *Id.* (emphasis, internal quotation marks, and citation omitted). We apply these principles to determine if Defendant's conviction is supported by sufficient evidence.

**{10}**      To find Defendant guilty of possession of heroin, the jury must have found that Defendant had heroin in his possession and he knew or believed it to be heroin. UJI 14-3102 NMRA (possession of a controlled substance); § 30-31-23(E) (controlled substances; possession prohibited). The jury heard evidence that after Captain Porter arrived at the scene of a drug overdose, he noticed a syringe sticking out of Defendant's pants pocket and asked Defendant about the syringe. Captain Porter testified that Defendant then took the syringe out of his pocket, which contained what later testing confirmed to be heroin, and tried to push the plunger to dispose of the liquid. The syringe in Defendant's pocket, his attempt to dispose of the heroin contained within the syringe in front of a police officer, considered alongside Defendant's admission to Captain Porter that he was a daily heroin user, constitutes evidence that Defendant possessed the syringe and knew it contained heroin. Based on our review of the record, a rational jury could have found beyond a reasonable doubt that Defendant possessed heroin and knew or believed it to be heroin.

**{11}**      While Defendant denied possessing heroin, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *Duran*, 2006-NMSC-035, ¶ 5 (internal quotation marks and citation omitted). The jury here chose to reject Defendant's version of the facts. Thus, viewing the evidence in the light most favorable to the guilty verdict, substantial evidence supports Defendant's conviction for possession of a controlled substance.

## II.       Impeachment of Captain Porter

**{12}**     Defendant argues that the district court abused its discretion by preventing him from impeaching Captain Porter's testimony and, consequently, he was deprived of his constitutional right to present a defense and confront and cross-examine the State's witness. According to Defendant, he had a right to question Captain Porter regarding the Midland incident because it involved dishonesty, was probative of his character for untruthfulness under Rule 11-608(B) NMRA, and he was the only witness to testify that Defendant possessed heroin. The State argues that the district court did not abuse its discretion because the allegations made against Captain Porter were too remote in time, the offer of proof by Defendant was inadequate, and the Midland incident, as described to the court the morning of trial, was dissimilar to the facts in this case. For the reasons that follow, we conclude that the district court did not abuse its discretion by precluding Defendant from questioning Captain Porter about the Midland incident.

### A.       Failure to Preserve

**{13}**     As a preliminary matter, we address whether Defendant preserved two issues pertaining to the impeachment of Captain Porter. First, Defendant did not raise his right to confrontation below nor has he requested that we review his confrontation claim for fundamental error. As a result, we will not address Defendant's confrontation argument on appeal. *See State v. Lucero*, 1986-NMCA-085, ¶ 12, 104 N.M. 587, 725 P.2d 266 ("The issue of denial of the right to confrontation may not be raised for the first time on appeal."); *see also State v. Silva*, 2008-NMSC-051, ¶ 15, 144 N.M. 815, 192 P.3d 1192 (reviewing unpreserved confrontation clause claim for fundamental error), *holding modified by State v. Guerra*, 2012-NMSC-027, ¶ 16, 284 P.3d 1076. Instead, we limit our analysis to the district court's grant of the State's motion in limine. *See Lucero*, 1986-NMCA-085, ¶ 12 (refusing to reach confrontation clause issue founded on general hearsay objection and argument that the statement at issue did not fall within any exception to the hearsay rule).

**{14}**     Second, Defendant raises new contentions on appeal that were not raised below. Namely, he contends that he should have been permitted to impeach Captain Porter with evidence that the officer had resigned from the Midland Texas Police Department after allegations that he falsely charged people with possession of narcotics and planted evidence. However, this is different than the offer of proof presented to the district court. At the motion hearing below, the focus of the Midland incident was that the officer "mishandled" evidence. Specifically, at the hearing, the only discussion of the Midland incident was that Captain Porter placed evidence in the trunk of his vehicle rather than securing it into an evidence locker. Defendant did not invoke a ruling from the district court on the allegations mentioned in Defendant's brief in chief, such as wrongly charging people for drug possession or planting evidence. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). Defendant's offer of proof was inadequate to inform the district court of the substance of this evidence and as such, these arguments are not preserved. *See Nichols Corp. v. Bill Stuckman Const., Inc.*, 1986-NMSC-077, ¶ 16, 105

N.M. 37, 728 P.2d 447 ("An offer of proof is essential to preserve error where evidence has been excluded."); *see also* Rule 11-103(A)(2) NMRA (stating that a party claiming error in the exclusion of evidence must show the ruling affects a substantial right of the party and inform the court of the substance by an offer of proof). We therefore limit our analysis to whether the district court abused its discretion in prohibiting Defendant from cross-examining Captain Porter about his mishandling of evidence.

## B.     The District Court Did Not Abuse its Discretion in Prohibiting Impeachment of Captain Porter's Testimony

**{15}**    The admission of evidence and the extent of cross-examination are matters within the district court's discretion that we will affirm absent a clear abuse of discretion. *See State v. Smith*, 2001-NMSC-004, ¶¶ 17, 19, 130 N.M. 117, 19 P.3d 254."[T]he court may, on cross-examination, allow [specific instances of a witness's character for truthfulness] to be inquired into[.]" Rule 11-608(B)(1); *see State v. Casillas*, 2009-NMCA-034 ¶ 43, 145 N.M. 783, 205 P.3d 830 (stating that under Rule 11-608 "[a] party may . . . inquire into particular instances of a witness's conduct on cross-examination . . . provid[ed] the conduct is probative of truthfulness or untruthfulness"). "While Rule 11-608 specifically allows the court to permit cross-examination on prior specific acts relating to a witness's character for truthfulness, the language in the rule is permissive, not mandatory." *State v. Torres*, 2018-NMSC-013, ¶ 58, 413 P.3d 467.

**{16}**    As explained above, we limit our analysis to Captain Porter's failure to properly secure evidence while an officer in Midland. While this may be evidence that Captain Porter acted carelessly by leaving evidence in his vehicle as opposed to storing it in an evidence locker, it is not evidence that bears on his character for truthfulness or untruthfulness. *See State v. Padilla*, 1994-NMCA-067, ¶¶ 30-31, 118 N.M. 189, 879 P.2d 1208 (concluding that pursuant to Rule 11-608, an officer's credibility could not be attacked based on his pending criminal charges for a sex crime that allegedly occurred while on duty); *State v. Marquez*, 1974-NMCA-129, ¶ 29, 87 N.M. 57, 529 P.2d 283 (stating that the defendant's testimony could not be impeached with evidence that he recklessly used a gun the day prior to him murdering the victim because this evidence did not test the truthfulness of the defendant's testimony and thus, it was inadmissible under Rule 11-608). The district court properly excluded the impeachment evidence, as it was irrelevant to Captain Porter's character for truthfulness and therefore, inadmissible under Rule 11-608. Given this, we need not address additional considerations argued on appeal, such as whether the incident was too remote in time, unduly prejudicial or distracting to the jury. We hold the district court did not abuse its discretion in prohibiting Defendant from questioning Captain Porter regarding the Midland incident.

## CONCLUSION

**{17}**    For the foregoing reasons, we affirm Defendant's conviction for possession of a controlled substance.

**{18}** IT IS SO ORDERED.

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**