This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35855**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LOUIE A. MENDOZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Louie Mendoza appeals his convictions for multiple counts of criminal sexual penetration of a minor, attempted criminal sexual penetration of a minor, criminal sexual contact of a minor, bribery of a witness, and contributing to the delinquency of minor, as well as one count each of child abuse and kidnapping. Defendant asserts that his right to confrontation was violated and that the district court abused its discretion by

sending certain exhibits to the jury room. Following due consideration, we affirm Defendant's convictions.

## DISCUSSION

### I.    Confrontation Challenge

**{2}**    Defendant's confrontation challenge arises from a police officer's testimony regarding the results of an examination of Defendant's cell phone using Cellebrite, a cell phone examining tool. The officer testified that he used Cellebrite to examine the contents of Defendant's phone, extract phone call and text message data, and to generate a report of that data, which was admitted into evidence. Of particular relevance, the officer's testimony and the Cellebrite report contradicted Defendant's statement that he received a phone call from the victim's phone at a time when her mother had reported her missing. Instead, the officer testified that Defendant's phone had not received a call from the victim's phone during the relevant time.

**{3}**    Defendant asserts that his right to confrontation was violated by the district court's receipt of the above-described evidence without providing Defendant an opportunity to cross-examine a qualified witness regarding the functioning of the Cellebrite device. The State argues that Defendant did not preserve the Confrontation Clause claim he now advances on appeal. We agree. Defendant did not object with sufficient specificity to preserve what he now claims as constitutional error. *See State v. Zamarripa*, 2009-NMSC-001, ¶ 33, 145 N.M. 402, 199 P.3d 846 ("Even constitutional rights may be lost if not preserved below."). In order to properly preserve an issue for appeal, a party must raise the issue with sufficient specificity to alert the mind of the district court to the claimed error. *State v. Silva*, 2008-NMSC-051, ¶ 9, 144 N.M. 815, 192 P.3d 1192 ("We require that a party assert the basis for its objection with sufficient specificity to alert the mind of the trial court to the claimed error or errors." (internal quotation marks and citation omitted)); *see also* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). Alerting the district court to a Confrontation Clause error requires more than a general hearsay objection. *State v. Lucero*, 1986-NMCA-085, ¶ 17, 104 N.M. 587, 725 P.2d 266. In this case, Defendant made a simple hearsay objection but did not alert the district court to any claim of constitutional error. As a result, Defendant did not preserve the confrontation issue for review on appeal. *See id.*

**{4}**    Even if Defendant had preserved a Confrontation Clause claim, it would fail. Defendant's argument is akin to that made in *State v. Anaya*, 2012-NMCA-094, 287 P.3d 956, in which the defendant argued that "the Confrontation Clause . . . requires that he have the opportunity to challenge the underlying accuracy and reliability of the [breathalyzer machine] through mandatory cross-examination of [knowledgeable] witnesses." *Id.* ¶ 19. This Court rejected the defendant's argument, "conclud[ing] that this foundational argument improperly mixes preliminary, non-testimonial information with the testimonial aspects of" the defendant's actual breath test results, about which the arresting officer testified at trial. *Id.* Our appellate courts have made clear that

"foundational information regarding the scientific aspects" of challenged technology are non-testimonial, *id.* ¶ 22, and that "[t]he protections afforded by the Confrontation Clause do not extend to preliminary questions of fact," *State v. Martinez*, 2007-NMSC-025, ¶ 25, 141 N.M. 713, 160 P.3d 894. *See also Anaya*, 2012-NMCA-094, ¶ 22 (reaffirming this holding after *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011)). Just as in *Anaya*, Defendant challenges the State's failure to present a witness regarding the scientific aspects of Cellebrite technology—its reliability and accuracy—foundational matters that are non-testimonial in nature and that do not implicate Confrontation Clause protections. Under *Anaya*, we conclude Defendant has failed to assert a valid confrontation violation.[1]

**{5}** In an attempt to avoid this conclusion, Defendant tries to distinguish *Anaya* on the ground that breathalyzer results are statutorily subject to regulation by the Scientific Laboratory Division (SLD). *See* 2012-NMCA-094, ¶ 20. According to Defendant, the regulatory framework governing breathalyzer machines thus "makes the diminishment of confrontation protections palatable." But irrespective of these regulatory requirements, this Court in *Anaya* affirmed that "the scientific aspects of the breathalyzer machine are non-testimonial and the Confrontation Clause does not apply." *Id.* ¶ 25. Whether the SLD regulations pertaining to a breathalyzer machine are followed is a foundational question impacting only the admissibility of that evidence. *Id.* ¶ 22. As already noted, this foundational question is separate and distinct from the Confrontation Clause issue Defendant asserts on appeal. *See id.*

**{6}** Defendant's additional reliance on *State v. Aragon*, 2010-NMSC-008, 147 N.M. 474, 225 P.3d 1280, likewise is inapposite. In *Aragon*, our Supreme Court held that evidence derived from forensic testing must be subjected to cross-examination. *Id.* ¶ 13. The error in *Aragon* arose from the fact that a surrogate chemist testified to the substance and conclusion of another chemist's forensic testing. *Id.* ¶¶ 4-5. It was the admission of the non-testifying chemist's report that led to a confrontation violation. *Id.* ¶ 19. Unlike *Aragon*, the officer who testified at Defendant's trial was the same officer who examined the cell phone. Thus, the witness who testified and was subject to cross-examination was also the person responsible for the report at issue. The problem identified in *Aragon* simply does not exist in this case.

**{7}** Accordingly, we reject Defendant's claim that his right to confrontation was violated when the State did not present a witness knowledgeable about Cellebrite technology.

## II. Submission of Exhibits to the Jury

---

[1] Defendant limits his argument to a confrontation challenge and has not developed the argument that the State failed to lay an adequate foundation for the admission of the Cellebrite report. *See Andrews v. U.S. Steel Corp.*, 2011-NMCA-032, ¶ 14, 149 N.M. 461, 250 P.3d 887 ("The proponent of the scientific evidence is required to establish by a preponderance of the evidence that the testimony is reliable, and therefore admissible[.]"). Consequently, we give no further consideration to this matter. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments).

**{8}**     Defendant also asserts that the district court abused its discretion by sending certain exhibits to the jury room. For support, Defendant relies on Rule 5-609(C) NMRA, which instructs that "[u]pon its request to review any exhibit during its deliberations, the jury shall be furnished all exhibits received in evidence." The committee commentary to Rule 5-609(C) also notes that, "if the jury requests any one exhibit, all exhibits should go in as a way of preventing undue emphasis being placed on one of the exhibits."

**{9}**     Again, Defendant advances an argument that was not preserved below. Regardless, this claimed error is also without merit. Defendant's specific assertion is that the district court unduly emphasized thong underwear and vibrators that were sent with the jury when they retired for deliberation. Defendant, however, does not assert that any other exhibits were withheld from the jury, as would seem necessary to create the undue emphasis at issue in Rule 5-609. Instead, it appears the district court simply allowed the jurors to have all the trial exhibits during their deliberation. Defendant thus appears to be arguing, without any citation to authority, that it is an abuse of discretion to allow the jury to take exhibits to the jury room without first entertaining a request to do so. We are unaware of any authority that supports Defendant's argument and, to the contrary, the uniform jury instructions indicate that sending the exhibits back to the jury room is indeed appropriate protocol. *See* UJI 14-6020 NMRA (stating that the jury "will be provided a copy of the jury instructions and the exhibits introduced as evidence"). We, accordingly, are not persuaded that the district court abused its discretion by sending the exhibits to the jury room.

**CONCLUSION**

**{10}**     For the foregoing reasons, we affirm Defendant's convictions.

**{11}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**