This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39402**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**STEPHEN AGUILAR,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Defendant Stephen Aguilar pled no contest to possession of a firearm or destructive device by a felon, a fourth degree felony, contrary to NMSA 1978, Section 30-7-16 (2018, amended 2022). Defendant was sentenced to a one-year term of incarceration, followed by eighteen months of supervised probation. Defendant's probation was later revoked based on allegations that he "did purchase, sell, own or

possess a firearm or other deadly weapon," in violation of the conditions of his probation. Defendant appeals, arguing the district court erred in revoking his probation because (1) his due process right to confront witnesses was violated when the district court, according to Defendant, relied on a non-testifying witness's statement that he possessed a weapon; and (2) there was insufficient evidence presented to support revocation. Unpersuaded, we affirm.

## DISCUSSION

### I. Due Process Right to Confront Witnesses

**{2}** We begin our analysis by determining what standard of review we should apply to Defendant's due process claim. Defendant asks that we review the district court's order revoking his probation for an abuse of discretion, or alternatively, for fundamental error if we conclude that the issue is unpreserved. The State responds that the issue is in fact unpreserved, and we should limit our review for fundamental error only. We agree with the State.

**{3}** In order to preserve an issue for appeal, "it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the [district] court to the claimed error or errors." *State v. Chavez*, 2021-NMSC-017, ¶ 16, 485 P.3d 1279 (omission, internal quotation marks, and citation omitted). At the probation revocation hearing, when the State asked the detective if anyone had told him the gun belonged to Defendant, Defendant made a simple hearsay objection but did not alert the district court to any claim of constitutional error. This objection did not encapsulate Defendant's argument on appeal that his due process right to confrontation was violated. Generally speaking, alerting the district court to a confrontation error requires more than a hearsay objection. *See State v. Lucero*, 1986-NMCA-085, ¶ 17, 104 N.M. 587, 725 P.2d 266. Accordingly, the issue is unpreserved and we review for fundamental error. *See* Rule 12-321(B)(2)(c), (d) NMRA (providing that appellate courts have discretion to review unpreserved questions involving fundamental error or fundamental rights); *cf. State v. Martinez*, 2007-NMSC-025, ¶ 25, 141 N.M. 713, 160 P.3d 894 (reviewing a defendant's Confrontation Clause claim for fundamental error even though the issue was not preserved).

**{4}** Even if we were to assume, without deciding, that the district court erred by admitting the hearsay testimony, we do not conclude that the error was fundamental. *See Campos v. Bravo*, 2007-NMSC-021, ¶ 8, 141 N.M. 801, 161 P.3d 846 ("In conducting such a review, we first determine if error occurred; if so, we next determine whether that error was fundamental."). We employ the fundamental error exception "very guardedly," *State v. Garcia*, 1914-NMSC-065, ¶ 19, 19 N.M. 414, 143 P. 1012 (opinion upon rehearing), and apply it "only under extraordinary circumstances to prevent the miscarriage of justice." *State v. Maestas*, 2007-NMSC-001, ¶ 8, 140 N.M. 836, 149 P.3d 933. Accordingly, we will use the doctrine to reverse a conviction only "[(1)] if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or [(2)] where, notwithstanding the apparent culpability of the

defendant, substantial justice has not been served. Substantial justice had not been served when a fundamental unfairness within the system has undermined judicial integrity." *Campos*, 2007-NMSC-021, ¶ 18 (internal quotation marks and citations omitted).

**{5}**     Defendant seemingly raises both forms of review for fundamental error. We address each in turn. Defendant argues that the only evidence the State introduced of him possessing the weapon was the non-testifying witness's statement testified to by the detective. However, even if the statement was excluded from the probation violation hearing, our review of the record has not shown that Defendant is indisputably innocent. *See State v. Silva*, 2008-NMSC-051, ¶ 14, 144 N.M. 815, 192 P.3d 1192. Defendant also argues that the district court's error resulted in a fundamental unfairness that undermined the integrity of the judicial system. *See State v. Barber*, 2004-NMSC-019, ¶ 16 135 N.M. 621, 92 P.3d 633; *Silva*, 2008-NMSC-051, ¶ 14. To the extent that Defendant raises this strand of fundamental error, he does not present this Court with a developed argument, and thus he failed to meet his burden of establishing such error. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (stating that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a party's] arguments might be"). Therefore we do not conclude the error was fundamental.

## II.     Sufficiency of the Evidence

**{6}**     Next, Defendant argues that the district court revoked his probation without sufficient evidence that he violated the terms of his probation. The State must establish a probation violation "with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. On appeal, we view "the evidence in a light most favorable to the state and indulge all reasonable inferences in favor of the district court's judgment." *State v. Williams*, 2021-NMCA-021, ¶ 6, 489 P.3d 949 (alterations, internal quotation marks, and citation omitted).

**{7}**     At Defendant's probation revocation hearing, a police officer who was dispatched to the scene of an aggravated assault, testified that upon arriving, he learned that Defendant was the suspect in the aggravated assault. He further testified that the suspect was in a truck and he began to search for the truck that matched the description that he was given. The police officer found the truck, confirmed its description as Defendant's truck, and then proceeded to conduct a high-risk traffic stop. During the course of the stop, the police officer saw the front passenger, whom he recognized as Defendant, get out of the truck. The detective testified that he was also called out to the scene of the aggravated assault, where Defendant was identified as the suspect. He arrived at the scene shortly after the police officer and executed a search warrant on the truck. In addition to his testimony that one occupant of the truck said that "the gun belonged to [Defendant]" and that "[Defendant] was in possession of the firearm prior to the stop," the detective stated that he located an AK-47 in the back floorboard of the truck. According to the detective, the AK-47 that he located in

Defendant's truck matched the description of the weapon that was described in the aggravated assault. In light of this testimony provided at the hearing, we conclude that there was sufficient evidence supporting the district court's revocation of Defendant's probation.

**{8}** Finally, Defendant asserts that the order revoking probation incorrectly states that he admitted he violated his probation. After reviewing the audio of the hearing, we agree that Defendant did not admit that he violated probation. Given the erroneous finding that Defendant admitted allegations against him, we remand for entry of an amended order correcting that error.

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm the revocation of Defendant's probation. However, we remand for entry of a corrected written order omitting the erroneous finding that Defendant admitted allegations against him.

**{10}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**